**Jamie MCCHESNEY, Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 03–3058.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 30, 2004.

Decided April 26, 2004.

---

458

John G. Burt, Pittsburgh, PA, for Appellant.

Heather Benderson, Social Security Administration, Philadelphia, PA, for Appellee.

Before ALITO, FISHER and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Appellant Jamie McChesney appeals from an order of the district court granting summary judgment for the Commissioner of Social Security and affirming the denial of her application for Social Security benefits under Titles II and XVI of the Social Security Act ("Act"). *See* 42 U.S.C. §§ 401–434, 1381–1383(f).

The district court had jurisdiction pursuant to 42 U.S.C. § 405(g), which limits the scope of the district court review to the Commissioner's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over questions of law, *see Knepp v. Apfel,* 204 F.3d 78, 83 (3d Cir.2000), and review the decision of the Commissioner to determine whether it is supported by substantial evidence. *See Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971).

The issue before the Court is whether the ALJ's findings regarding Appellant McChesney's mental impairments and her ability to return to work are supported by substantial evidence. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999) (citations omitted). "We will not set the Commissioner's deci-

sion aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999) (citations omitted).

For the reasons substantially stated in the district court's opinion, we find that the Commissioner's decision was supported by substantial evidence and therefore we affirm.

Appellant McChesney was born on April 27, 1973, and completed the ninth grade in special education. She has an I.Q. of 75, is dyslexic and a functional illiterate. She alleges disability on the basis of childhood sexual abuse, post traumatic stress disorder, depression, anxiety, and agoraphobia. In the past, she has found employment as a cashier.

She filed a claim for Social Security disability payments on June 19, 1998. The claim was initially denied by the Social Security administration, and her claim was heard by an ALJ on July 20, 1999. The claim was subsequently denied on August 18, 1999. The ALJ determined that while Appellant suffered from some severe mental impairments, she was not disabled. The Appellant drove, took care of her own needs without assistance, took care of her children while her husband was working, performed some reading and watched television. The ALJ found that there was sufficient evidence of substantial daily activities to undermine Appellant's claim of disability. Appellant McChesney did not challenge the ALJ's findings with respect to her physical condition.

This decision was appealed to the Appeals Council. The Appeals Council denied the request for review, and the ALJ's decision became the final decision of the Commissioner. The case was referred to a magistrate judge, who recommended that Appellant McChesney's appeal of the deci-

sion of the Commissioner be denied. The district court granted summary judgment for the Appellee on May 22, 2003.

After a review of the matter, exercising the appropriate standards of review, we have concluded that there is substantial evidence to support the ALJ's conclusion. We have no basis on which to reverse the opinion and order of the district court.